# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MONA AVENEVOLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV1867 HEA |
| ) | |
| LOCKTON COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 9] and Defendant's Motion to Dismiss, [Doc. 16]. The parties oppose the respective motions. For the reasons set forth below, the Motion to Remand is granted.

## Introduction

Plaintiff filed the instant action against Defendant in the Circuit Court of the County of St. Louis. Plaintiff's petition alleges that Defendant violated the Missouri Human Rights Act ("MHRA"), § 213.010 R.S.Mo. *et seq.*, by discriminating against her on the basis of her handicap, cancer, through a wrongful discharge. Defendant removed the action to this Court, contending that federal question jurisdiction exists because Plaintiff's state law claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

## Facts and Background

Specifically, Plaintiff's Petition alleges the following: Plaintiff was employed by Defendant from March 16, 2004 through April 28, 2006, during which time she was performing the expectations of Defendant. On May 5, 2005, Plaintiff was diagnosed with cancer forcing her to undergo expensive and extensive medical treatment in order to return to employment with Defendant.

Prior to returning to work on September 1, 2005, Plaintiff received phone calls from Defendant offering part-time work in order to build her strength. However, Plaintiff was told on September 1, 2005 that she could work part-time for one week, as Defendant did not employ part-time Account Executives. She was also told on September 1, 2005 that if she was unable to return to full-time duty by the middle of October, 2005, she would be replaced.

A producer and member of Defendant's executive committee made comments to plaintiff regarding the cost of her cancer treatments on September 21, 2005. On December 15, 2005, Plaintiff was challenged by Defendant on whether she was healthy enough to do her job.

On January 19, 2006, Defendant created an account executive part-time position for an individual after telling Plaintiff that Defendant did not employ part-time Account Executives.

Plaintiff received an outstanding appraisal from Defendant on April 11, 2006, but was discharged, allegedly without cause, on April 28, 2006.

Plaintiff alleges that she suffered physical, mental and emotional anguish and injury and has lost wages and benefits of not less than $300,000.00. Plaintiff seeks recovery from Defendant for the physical, mental and emotional anguish and injury and for punitive damages of not less than $5,000,000.00.

Plaintiff moves for remand arguing that the Court is without subject matter jurisdiction inasmuch as she has alleged a sole claim under the Missouri Human Rights Act. Defendant counters this argument and moves for dismissal on the grounds that Plaintiff's claim is completely preempted under ERISA.

## **Discussion**

As the party seeking removal and opposing remand, defendants have the burden to prove the existence of federal subject matter jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993). Actions involving removal and remand based on ERISA preemption are inherently difficult, as they present clashes between various public policy considerations. ERISA preemption is very broad in order to further Congress' intention to have a uniform body of law interpreting, and providing relief under, ERISA. The force and reach of ERISA,

therefore, is great and any complaint that primarily seeks enforcement of ERISA is properly removable to federal court.

There are, however, other strong public policy concerns to be evaluated. These policies require that any doubts regarding federal jurisdiction must be resolved in favor of remanding the action to state court. *Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). Whether a case may be removed is a question of federal law to be decided by federal courts. *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc. Inc.*, 4 F.3d 614, 618 (8th Cir.1993), cert. denied, 511 U.S. 1126 (1994). The removal statute is strictly construed, *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941) and any doubt about the propriety of removal is construed against removal. *Owens*, 437 U.S. at 377.

The first policy is that federal courts are courts of limited jurisdiction and therefore may only assert jurisdiction under very specific circumstances. Accordingly, the existence of federal question jurisdiction-such that removal to federal court is appropriate-is governed by the "well-pleaded complaint rule." The well-pleaded complaint rule provides that federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-

pleaded complaint rule makes the plaintiff "master of his claim," allowing the plaintiff to avoid federal jurisdiction by exclusively relying on state law in forming her bases for relief. *Id.* When preemption is raised as a defense, the case may not be removed to federal court ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. *Id.* at 363.

One corollary of the well-pleaded complaint rule is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in nature. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Section 514 provides ordinary "conflict" preemption to the extent that state laws conflict with, or potentially conflict with, ERISA. The Act mandates

> the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...

29 U.S.C. § 1144(a).

In interpreting this statutory language, the Supreme Court has held that a law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with, or reference to, such a plan. *Shaw v. Delta Air Lines, Inc.*, 463

U.S. 85, 96-97 (1983). Furthermore, a law may "relate to" a benefit plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect," *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139.

In addition to the ordinary conflict preemption established in Section 514, the enforcement provisions of ERISA completely preempt certain claims. Section 502 authorizes a participant in, or beneficiary of, an ERISA plan to bring a civil action,

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...

29 U.S.C. § 1132(a)(1)(B).

Thus, when "the existence of a pension plan is a critical factor in establishing liability," the "action relates not merely to pension benefits, but to the essence of the pension plan itself" and will be removed to federal court. *Ingersoll-Rand Co.*, 498 U.S., at 139-140. A claim "relates to" an employee benefit plan if "it has a connection with or reference to such a plan", *Shaw*, 463 U.S. at 96-97, or "where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan." *Neumann v. AT & T Communications, Inc.*, 376 F.3d 773, 780 (8th Cir.2004). However, express preemption does not allow for automatic removal to federal court, it only provides an affirmative defense against claims not completely

preempted under ERISA § 502 or § 510. *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 907 (8th Cir.2005). Therefore, a state law cause of action is subject to removal only where the claim " 'relate[s] to any employee benefit plan,' 29 U.S.C. § 1144(a), such that the claim is preempted by federal law, and the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. § 1132(a) [or § 1140], such that the exclusive cause of action is under federal law." *Neumann*, 376 F.3d at 779-80 (citations omitted).

The Petition does not allege that payment of Plaintiff's medical expenses was a motivating factor in the determination to discharge plaintiff. Rather, the "heart" of plaintiff's claim is that she was wrongfully discharged on the basis of her disability. Plaintiff alleges that because of her handicap, she was discriminated against by the termination of her employment with Defendant. Other than the reference to "lost benefits," as part of Plaintiff's damages, there are no other references to ERISA. Instead of a benefits motive, the complaint alleges that the discharge was unlawfully motivated due to Plaintiff's disability. No reference or reliance upon ERISA is necessary for Plaintiff to prove her claim of discrimination. Claims brought pursuant to the MHRA exist independently from ERISA.

This Court has previously found such a claim not properly removed to federal court on the basis of ERISA preemption. In *Keim v. Washington University*, 2007

WL 1378454, *1-4 (E.D.Mo.,2007), the Court discusses *Hubbard v. Southwestern Bell Telephone Co.*, 759 F.Supp. 567 (E.D.Mo.1991) [Gunn, J.].

> The Court considered a plaintiff's reference in her pleadings to the deprivation of disability payments as well as of her job, as a result of an allegedly discriminatory discharge in violation of the MHRA. Judge Gunn held that the action was "not couched as one to recover [ERISA] benefits or as one based on an interference with receipt of those benefits," but rather a claim "that in violation of a state statute, defendant unlawfully discriminated against [plaintiff] based on her handicap, and that as a result of such discrimination, she lost her disability benefits, among other things. Id. at 569 [italics in original]. The merely "incidental" reference to benefits governed by ERISA did not render the claim one rightly characterized as an ERISA claim. Id. The petition remained "a claim for discriminatory discharge in violation of a state human rights statute," improperly removed and subject to remand. Id.

*Keim*, 2007 WL 1378454, *3. Likewise, in *Neumann,* 376 F.3d at 781, the Eighth Circuit acknowledged the non-removability of a distinguishable case in which "a plan participant merely seeks to recover lost plan benefits as damages for a wrongful discharge from employment that is unrelated to the benefit plan.

Defendant argues that Plaintiff's involuntary deposition testimony gives rise to proper removal pursuant to 28 U.S.C. § 1446[1] as an "other paper." The Court is

---

[1] 28 U.S.C. § 1446(b) provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction

unpersuaded that Plaintiff's deposition testimony establishes that Plaintiff's claims primarily seek enforcement of, or relief under, ERISA. Existence of an ERISA plan is not a "critical factor" in establishing liability on plaintiff's wrongful termination claim. *Ingersoll-Rand*, 498 U.S., at 139-140. Rather, Plaintiff merely testified to her *belief* that her handicap, and consequently, the medical costs associated with that handicap, motivated her termination. Such testimony does not create an ERISA claim. If it did, virtually every state-based disability discrimination claim would be preempted by ERISA so long as an employer maintained an ERISA-qualified benefits plan. As the Fifth Circuit explained in *Rokohl Texaco, Inc.*, 77 F.3d 126, 130 (5th Cir.1996), such an overly broad interpretation of ERISA runs contrary to Congress' intent in enacting ERISA and turns ERISA preemption "on its head." Plaintiff's testimony does not establish that her wrongful termination claim ceases to exist when stripped of its link to the ERISA plan. Similarly, plaintiff's deposition testimony does not establish that her termination cause of action is primarily concerned with the plan administrator/ beneficiary relationship, as opposed to focus upon the employer/employee relationship. Therefore, Plaintiff's deposition testimony did not constitute a voluntary act by Plaintiff such as to trigger the

conferred by Section 1332 of this title more than 1 year after commencement of the action.

removal statute's "other paper" conversion. The Motion to remand will therefore be granted.

In her Motion to Remand, Plaintiff also seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). As defendants had an objectively reasonable basis for removal, see *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), Plaintiff's request will be denied.

## **Conclusion**

For all the foregoing reasons, Defendant has failed to meet its burden of establishing that Plaintiff's wrongful termination claim is preempted by ERISA. As such, this case was improvidently removed and should be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. 9], is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, [Doc. 16], is moot.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the County of St. Louis, Missouri.

Dated this 22nd day of February, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE